IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FELICIA GROVE,

      Plaintiff,

v.

                                        Case No. 10-CV-4065 JTM/GLR

GLOBAL INDUSTRIES, INC.
d/b/a HUTCHINSON/MAYRATH
a Nebraska Corporation,

      Defendant.

## MEMORANDUM AND ORDER

This matter is before the Court on the parties' Joint Motion for Entry of Agreed Order Releasing Kansas Department of Labor Recording to Parties (doc. 18). The parties ask the Court to enter an order to require the Kansas Department of Labor, Office of Appeals to release the recordings from Plaintiff's unemployment hearings on August 3, 2009 and May 11, 2009. The hearings at issue directly relate to allegations contained in Plaintiff's Complaint. The motion states that the Department of Labor, Office of Appeals has indicated that it will not release these records absent an order from this Court that requires it to do so.

The parties have submitted an agreed order directed to the Kansas Department of Labor, Office of Appeals to release all recordings in its possession (excluding privileged work product documents and confidential documents related to conciliatory efforts). The Kansas Department of Labor is not a party to this lawsuit. The Court otherwise has no jurisdiction over it. Accordingly, the Court lacks a basis to enter an order requiring it to release its recordings.[1]

---

[1] *See Woods v. City of Wichita,* No. 07-CV-2239-JWL/GLR, 2008 WL 269081 (D. Kan. Jan. 30, 2008) (court has no jurisdiction over a non-party and therefore no basis to enter an order
(continued...)

Federal Rule of Civil Procedure 45 provides a mechanism for a party to obtain documents and materials from a non-party by serving a subpoena for the production of documentary evidence. The parties may thus be able to obtain the records sought from the Kansas Department Labor through the subpoena process. The Court finds no evidence that the parties have attempted to obtain the records through that procedure. If a party serves a subpoena and the party who is served objects, the Court might then address the issue upon a proper motion, pursuant to Rule 45(c)(2)(B)(i).

IT IS THEREFORE ORDERED that parties' Joint Motion for Entry of Agreed Order Releasing Kansas Department of Labor Recording to Parties (doc. 18) is denied, as set forth herein.

Dated in Kansas City, Kansas on this 3rd day of November 2010.

S/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

---

[1](...continued)
requiring the non-party to produce records); *Cline v. Southern Star, Inc.*, No. 03-2655-GTV-DJW, 2004 WL 2203452, at *1 (D. Kan. Aug. 20, 2004) (court has no jurisdiction over third-party employers and health care providers; court therefore has no basis to order them to release plaintiff's employment and medical records to defendant). *See also Becker v. Securitas Sec. Services USA, Inc.*, 2007 WL 677711, 2007 WL 677711, at *3 n.12 (D. Kan. Mar. 2, 2007) ("To the extent the records for which Defendant seeks authorizations are in the custody, control or possession of a non-party, Defendant may serve a subpoena on the non-party pursuant to Federal Rule of Civil Procedure 45. In the event the non-party objects or otherwise refuses or fails to produce the subpoenaed documents, the Court would consider a motion requesting that the Court enforce the subpoena and compel the non-party to produce the documents pursuant to Rule 45.").